UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE A. LARIE,

    Plaintiff,                                        Civil Action No. 14-CV-11108

vs.                                                HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is presently before the Court on cross motions for summary judgment [docket entries 17, 19]. Magistrate Judge Charles E. Binder has submitted a Report and Recommendation ("R&R") in which he recommends that plaintiff's motion be denied and that defendant's motion be granted. Plaintiff has filed objections to the R&R. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo those portions of the R&R to which any party makes proper, timely objections.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge a final decision denying his application for disability insurance benefits. Defendant, by decision of an Administrative Law Judge ("ALJ") in August 2011, found that plaintiff is not disabled because he can perform a limited range of light-level work. This became defendant's final decision when the Appeals Council denied plaintiff's request for review.

Under § 405(g) the issue is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938).

In making this determination the Court does not review the matter de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014). The specific issue in this case is whether substantial evidence supports the ALJ's decision that plaintiff had the residual functional capacity to perform a limited range of light-level work through the date his insured status expired (June 2010).

The medical evidence in this case has been completely summarized in the ALJ's decision, the parties' briefs, and the magistrate judge's R&R. In short, plaintiff claims he is unable to work due to pain in his neck, shoulders, back, hip, and knees, which limit his ability to sit, stand, and walk (Tr. 165, 173). At the hearing, apparently for the first and only time, plaintiff also claimed he experiences "[a] little bit of depression every once in a while" (Tr. 54). The magistrate judge concluded that substantial evidence supports the ALJ's finding that plaintiff has the residual functional capacity

> to perform light work . . . except he can lift/carry up to 20 pounds occasionally and 10 pounds frequently. He can push/pull up to 10 pounds occasionally. He can stand/walk up to a total of 4 hours during an 8-hour workday, and sit up to 6 hours during and 8-hour workday with normal breaks. He needs the option to sit or stand at will. The claimant can occasionally stoop, kneel, crouch, and crawl. He cannot work overhead. He has no environmental, visual, or communicative limitations. He is limited to simple, routine, and repetitive tasks with few, if any work related decisions or changes in work routine. He has no social deficits.

(Tr. 26.) A vocational expert testified to the existence of thousands of jobs such a person could perform in the regional economy (Tr. 30, 72-73).

Plaintiff first objects to the magistrate judge's conclusion that the ALJ properly evaluated plaintiff's credibility and that the ALJ reasonably concluded plaintiff can meet the lifting requirements of light-level work. The Court rejects this objection. When asked by the ALJ how much he could lift, plaintiff stated he did not "really know, I don't really test that too much on a daily basis" (Tr. 56). Asked if he ever lifts "a bag of sugar or a bag of flour," plaintiff stated that his wife "does all that" (Tr. 57). The record contains very little medical evidence on this issue, as the bulk of the evidence focuses on plaintiff's shoulder and knee problems. However, the DDS physician, Dr. VanderHaagen, D.O., after reviewing all of the records from plaintiff's treating sources, concluded that plaintiff can lift ten pounds frequently and 20 pounds occasionally (Tr. 87). Plaintiff does not explain why it was error for the ALJ to give weight to this opinion (Tr. 28). Nor does plaintiff point to any medical evidence contradicting Dr. VanderHaagen.

Plaintiff also objects to the magistrate judge's conclusion that while the ALJ's analysis of plaintiff's alleged mental impairment (depression) was erroneous, the error was harmless. The Court rejects this objection because nothing in the record suggests plaintiff suffers from depression other than plaintiff's single statement at the hearing that he has "[a] little bit of depression every one in a while" (Tr. 54). Plaintiff has not pointed to anything else in the record to suggest he suffers from depression. Plaintiff's statement at the hearing did not require the ALJ to delve any further into this alleged impairment. Accordingly,

IT IS ORDERED that Magistrate Judge Binder's R&R is hereby accepted and adopted as the findings and conclusions of the Court. Plaintiff's objections to the R&R are overruled.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

S/ Bernard A. Friedman_____<br>
BERNARD A. FRIEDMAN<br>
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 29, 2015
      Detroit, Michigan